IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MONTRELL COLLINS, | : | |
| Plaintiff | : | |
| VS. | : | |
| District Attorney STEVEN BRADLEY, *et al.*, | : | NO. 5:10-cv-62 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **MONTRELL COLLINS**, a prisoner at the Baldwin County Jail in Milledgeville, Georgia, has submitted a handwritten *pro se* complaint, which the Clerk's Office has docketed as a 42 U.S.C. § 1983 action. Plaintiff's case concerns alleged misconduct on the part of his public defender and the district attorney who prosecuted plaintiff, who are apparently brothers. As relief, plaintiff seeks an order from this Court compelling state officials to drop all charges and release plaintiff from prison, and for defendants to pay all court costs.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a complaint under ... 42 U.S.C. § 1983." ***Muhammad v. Close***, 124 S. Ct. 1303 (2004). The habeas petition's sole purpose is to seek "the remedy of immediate release or a shortened period of confinement." ***Preiser v. Rodriguez***, 411 U.S. 475, 489 (1973). In contrast, prisoners who seek damages for wrongful convictions or other constitutional violations generally must proceed pursuant to section 1983.

Because plaintiff may be requesting both types of relief in this single lawsuit, this Court cannot process plaintiff's complaint. Accordingly, it is hereby **ORDERED** that the instant action

be **DISMISSED**.

The Clerk of this Court is **DIRECTED** to forward to plaintiff a 42 U.S.C. § 1983 form, a 28 U.S.C.§ 2254 form, and financial affidavits. Should plaintiff seek relief pursuant to either section 1983 or habeas corpus (or both), he should complete and submit to the Court the appropriate forms, along with the financial affidavit(s), if he seeks to proceed *in forma pauperis*.

If plaintiff intends to file a petition for habeas corpus, he is advised that he <u>must</u> first exhaust his state remedies, either by way of direct appeal or state habeas relief. ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.").

**SO ORDERED**, this18th day of February, 2010.

                                                *s/   Hugh Lawson*
                                                HUGH LAWSON
                                                UNITED STATES DISTRICT JUDGE

cr